112 P.3d 490 (2005)
2005 UT 20
PAUL deGROOT BUILDING SERVICES, L.L.C., Plaintiff, Appellant, and Cross-Appellee,
v.
Richard T. GALLACHER, and R.T. Gallacher Investments, L.L.C., Defendants, Appellees, and Cross-Appellants.
No. 20020474.
Supreme Court of Utah.
April 8, 2005.
*491 John L. McCoy, Salt Lake City, for plaintiff.
John W. Call, Salt Lake City, for defendants.
NEHRING, Justice:

INTRODUCTION
¶ 1 Following an arbitration in which the arbitrator made a ruling unpopular to both parties, that each party must bear its own attorney fees, the parties appealed to the trial court. Each party requested attorney fees. The trial court agreed with the arbitrator that attorney fees should not be awarded to either party. We affirm.

BACKGROUND
¶ 2 Richard Gallacher employed Paul deGroot Building Services as the general contractor on a home Mr. Gallacher was building in Park City, Utah. Mr. Gallacher and deGroot signed a contract that included an agreement to resolve any disputes that arose during construction through arbitration. The contract was silent on the subject of attorney fees.
¶ 3 After the completion of the project, deGroot billed Mr. Gallacher for the remaining balance it claimed Mr. Gallacher owed on the building contract. Having received no response from Mr. Gallacher, deGroot filed a mechanic's lien on the project. When the mechanic's lien also failed to elicit a response from Mr. Gallacher, deGroot sued for the balance owed on the contract, plus attorney fees, and sought to foreclose its mechanic's lien. Mr. Gallacher responded by moving to compel arbitration and to stay the proceedings until the arbitration was completed, as permitted by the terms of the contract. The trial court granted Mr. Gallacher's motions.
¶ 4 After holding an arbitration hearing, the arbitrator entered his ruling, findings, and an Award of Arbitrator. The award established an amount Mr. Gallacher owed deGroot and split the cost of the arbitration's administrative fee equally between the parties. The arbitrator also ruled that each party should bear its own attorney fees.
¶ 5 DeGroot moved the trial court to determine which party was the "successful party" in the arbitration below and to award fees pursuant to Utah Code section 38-1-18(1), which mandates that in a mechanic's lien foreclosure action, "the successful party shall be entitled to recover a reasonable attorneys' fee." Utah Code Ann. § 38-1-18(1) (2001). DeGroot invited the trial court to either designate the successful party itself by reviewing the arbitration record or remand the action to the arbitrator for that purpose. Mr. Gallacher opposed deGroot's motion, maintaining that the mechanic's lien statute did not apply to the arbitration, but that if it did, he, not deGroot, was entitled to attorney fees for being required to defend the arbitration award. The trial court referred the matter back to the arbitrator "for either clarification of his decision not to award fees, or to amend the judgment as he sees fit regarding attorney fees, under applicable law."
¶ 6 The arbitrator clarified his previous ruling by stating that "absent an attorney fee provision in the parties' agreement to arbitrate, the arbitrator has no authority to award attorney fees. Further ... a mechanic's lien foreclosure proceeding falls outside the authority and jurisdiction of an arbitrator as it is, by statute, a judicial proceeding." The arbitrator concluded that any attorney fees that could be awarded would be those incurred in a mechanic's lien foreclosure proceeding, an action that was properly within the authority of the court and not the arbitrator.
¶ 7 At this point, deGroot filed another motion with the trial court, seeking to modify the clarified ruling of the arbitrator: deGroot (1) asked the trial court to disregard a statement in the arbitrator's ruling that could be misconstrued as limiting the amount of attorney fees awardable by the court, and (2) *492 requested that the trial court, not the arbitrator, award attorney fees under the mechanic's lien statute.
¶ 8 Mr. Gallacher again resisted deGroot's motion, reasserting his claim that deGroot had not established any grounds under the arbitration statute to modify the award. Mr. Gallacher also requested an award of his own attorney fees incurred in defending the award against deGroot's latest attempt to recover attorney fees, contending that he was entitled to fees under Utah Code section 78-27-56, the "bad faith statute," which allows attorney fees to be awarded to a prevailing party if the action was brought without merit or in bad faith, Utah Code Ann. § 78-27-56 (2003).
¶ 9 The trial court denied both fee claims. DeGroot appealed, and Mr. Gallacher cross-appealed the decision of the trial court. However, deGroot failed to timely file briefs with this court and its appeal was dismissed,[1] leaving only Mr. Gallacher's cross-appeal before us.

ANALYSIS

I. BAD FAITH
¶ 10 We first consider Mr. Gallacher's claim that he is entitled to attorney fees on the basis that deGroot's repeated petitions for relief constitute bad faith. Although the trial court ruled against deGroot's multiple applications for attorney fees, it also expressly stated that it did not find bad faith on the part of deGroot and would thus not award attorney fees to Mr. Gallacher. Mr. Gallacher challenges only this finding of the trial court, and we will reverse it only if we find it to be clearly erroneous. Warner v. DMG Color, Inc., 2000 UT 102, ¶ 21, 20 P.3d 868.
¶ 11 Mr. Gallacher contends that deGroot acted in bad faith by filing multiple meritless and ultimately unsuccessful motions to modify the arbitration award. While this conduct might not signal bad faith generally, Mr. Gallacher argues that it does so here because it was extremely unlikely that deGroot would prevail in light of the great burden imposed on a party seeking to have an arbitration award modified. Accordingly, Mr. Gallacher argues that it was bad faith for deGroot to file repeated motions to modify the arbitration award.
¶ 12 Mr. Gallacher draws support for his argument from our statement that "[a] trial court faced with a motion to ... modify an arbitration award is limited to determining whether any of the very limited grounds for modification ... exist." Buzas Baseball, Inc. v. Salt Lake Trappers, Inc., 925 P.2d 941, 947 (Utah 1996). Specifically, he argues that the Utah Arbitration Act enumerates just three reasons justifying the modification of an arbitration award:
(a) there was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;
(b) the arbitrators' award is based on a matter not submitted to them, if the award can be corrected without affecting the merits of the award upon the issues submitted; or
(c) the award is imperfect as to form.
Utah Code Ann. § 78-31a-15(1) (2002) (repealed 2003).[2]
¶ 13 According to Mr. Gallacher, deGroot cannot find shelter for its actions within any of these statutory safe harbors and, therefore, its actions must have been the product of bad faith. Mr. Gallacher's argument fails, however, because it misconstrues deGroot's motions.
¶ 14 DeGroot's first motion does not bear the hallmark of a traditional motion to modify an arbitration award. Instead, it was brought in aid of his quest to obtain attorney fees in the trial court under the mechanic's lien statute. As such, it did not seek to *493 modify the arbitration award, but rather to secure the trial court's opinion concerning the legal implications of the award. DeGroot's second motion was brought to ensure that the arbitration award was not misconstrued to limit the trial court's discretion to determine the scope of fees available under the mechanic's lien statute. This motion may be reasonably seen as a claim that the "arbitrators' award is based on a matter not submitted to them," arguably falling under the rubric of Utah Code section 78-31a-15(1)(b). Id. § 78-31a-15(1)(b).
¶ 15 During the hearings held on the matter, Mr. Gallacher presented to the trial court his reasons for believing that deGroot acted in bad faith by repeatedly appealing this issue. After listening to argument from both sides, the trial court determined that deGroot's arguments were of first impression and concluded that although they failed as a matter of law, the motions and positions they advanced were not brought in bad faith. At one point during the hearing on deGroot's second motion, the trial court observed, "I've never heard Mr. McCoy [deGroot's counsel] come in here and argue about the underlying award. It's very much the interplay of the mechanic's lien statute which I think is a very legitimate legal point." The court stated from the bench: "I can certainly not find bad faith and I think [deGroot's argument is] a very reasonable argument [but] ... I disagree[] with it." The trial court, having heard arguments on the matter, made a reasoned and considered assessment of the circumstances surrounding deGroot's motions and concluded that, although those motions failed, they were not animated by bad faith. The record does not disclose a basis for us to disturb that judgment. Accordingly, we affirm.

II. ARBITRATION ACT FEE PROVISIONS
¶ 16 Mr. Gallacher next contends that he should be awarded attorney fees under the Utah Arbitration Act's fee provisions. The outcome of this issue depends to a significant degree on the standard of review that we apply to the trial court's ruling. We have not previously had occasion to review a trial court's express denial of attorney fees in an arbitration case and, accordingly, we must set forth this standard for the first time.
¶ 17 In assessing a standard of review for an issue, we take into account several considerations. We have previously stated:
[A] standard of review allocates discretion between trial and appellate courts. In determining the appropriateness of a particular allocation of responsibility for deciding an issue or class of issues, account should be taken of the relative capabilities of each level of the court system to take evidence and make findings of fact in the face of conflicting evidence, on the one hand, and to set binding jurisdiction-wide policy, on the other.
State v. Thurman, 846 P.2d 1256, 1266 (Utah 1993) (citations omitted). Furthermore, "[t]he appropriate standard of review to be applied to the determination of any particular issue or class of issues is fixed by reference to the pertinent source of law, be it constitution, statute, rule, or appellate court decision." Id. (citation omitted).
¶ 18 The award of attorney fees is typically a matter of law, which we review for correctness. R.T. Nielson Co. v. Cook, 2002 UT 11, ¶ 16, 40 P.3d 1119. This, however, is not true where the fees are predicated upon findings of fact, in which case we review the award of fees for an abuse of discretion. Warner v. DMG Color, Inc., 2000 UT 102, ¶ 21, 20 P.3d 868. In cases of arbitration, the Utah Arbitration Act grants discretion to trial courts to assess attorney fees, if appropriate, after considering the facts of the case. Utah Code Ann. § 78-31a-126 (2003). Thus, recognizing the broad discretion given to trial courts in these matters, we review a trial court's decision to grant or not to grant attorney fees under the Utah Arbitration Act for an abuse of discretion.
¶ 19 We now turn to Mr. Gallacher's argument, reviewing for abuse of discretion the trial court's decision not to award him attorney fees. His argument here in many ways echoes his first: that deGroot's repeated motions undermine the policy of the Utah Arbitration Act to discourage relitigation of valid *494 awards, and that Mr. Gallacher should thus be compensated for his needless efforts in resisting the deGroot motions. Mr. Gallacher requested attorney fees under Utah Code section 78-31a-16,[3] which has since been modified and is now found at Utah Code section 78-31a-126.[4] The revised language of the provision does not alter the outcome of this case.
¶ 20 Mr. Gallacher insists that an award of fees to him is endorsed, if not mandated, by our analysis of the Utah Arbitration Act's fee provisions in Buzas Baseball, Inc. v. Salt Lake Trappers, Inc., 925 P.2d 941 (Utah 1996). In Buzas, the trial court had, as in this case, declined to award attorney fees.[5]
¶ 21 In Buzas, we stated that "the fact that the Utah Arbitration Act explicitly provides for an award of attorney fees suggests that our policies favor the enforceability of arbitration awards and discourage relitigation of valid awards." Id. at 953. We were careful to state, however, that our determination that attorney fees were recoverable in Utah arbitration proceedings should not be interpreted to mean that we were reading a prevailing party standard into the fee provisions of the Utah Arbitration Act that was not otherwise contained in its text. Id. at 953-54. We noted that "the grant of authority to award attorney fees is unlike most other grants of such authority by statute in Utah. This is because the Utah Arbitration Act provides no guidance to the court in determining when to award attorney fees, which most Utah statutes do." Id. at 953 (citations omitted).
¶ 22 We determined that by selecting the word "may" to describe the authority of the trial court, the legislature clearly signaled an intention to yield discretion to courts over whether to award attorney fees for matters covered by the statute. Id. Accordingly, we attempted to offer cautious direction regarding the exercise of discretion to trial courts. We observed that the policies underlying the Utah Arbitration Act serve as useful guide-posts for the exercise of discretion. We limited our guidance, however, to circumstances in which an award of attorney fees would not be proper, leaving unaddressed possible scenarios in which a trial court would abuse its discretion by failing to award attorney fees.
¶ 23 As noted above, the statute relied on in Buzas has changed. The modified statute expressly limits attorney fee awards to a prevailing party, stating: "On application of a prevailing party to a contested judicial proceeding ..., the court may add reasonable attorney's fees." Utah Code Ann. § 78-31a-126. A prevailing party is not, however, entitled to a fee award as a matter of right. The modified statutory language delegates the discretion to award fees to the trial court. Moreover, the modified statutory language offers no guidance as to when attorney fees would or would not be appropriate. *495 Thus, both the old statute and the modified version, along with Buzas, can fairly be read to recognize the principle upon which we rest our holding here: that a trial court may properly exercise its discretion under the Utah Arbitration Act by denying attorney fees to a party who prevails against a challenge to the validity of an arbitration award.
¶ 24 The trial court adequately articulated its reasons for declining to award Mr. Gallacher his attorney fees despite the fact that he had prevailed against deGroot's postarbitration motions. We do not conclude that the trial court abused its discretion in so holding. Furthermore, when stripped to their essence, Mr. Gallacher's objections to the trial court's exercise of discretion amount to an invitation for this court to inject into section 78-31a-126 a requirement awarding attorney fees to a prevailing party. We decline this invitation, opting instead to interpret the presence of the discretionary term "may," coupled with the absence of any guiding or limiting standard, to communicate a legislative intention to vest in the trial courts broad, discretionary authority over attorney fee awards.

CONCLUSION
¶ 25 We affirm the decision of the trial court not to award attorney fees to Mr. Gallacher under either the bad faith statute, Utah Code Ann. § 78-27-56, or the Utah Arbitration Act attorney fees provision, Utah Code Ann. § 78-31a-126.
¶ 26 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice PARRISH concur in Justice NEHRING's opinion.
NOTES
[1] DeGroot's appeal was dismissed on February 13, 2003, under Utah Rule of Appellate Procedure 26(c), which requires that parties timely file their briefs. Utah R.App. P. 26(c).
[2] This provision, originally enacted in 1985, was repealed, amended, and recodified in 2003 as Utah Code section 78-31a-125. Utah Code Ann. § 78-31a-125 (2003). Because the original version was in place at the time the actions in this case took place, we rely on that provision here. The amended version provides more detail but is similar in substance.
[3] At the time, Utah Code section 78-31a-16 stated:

An award which is confirmed, modified, or corrected by the court shall be treated and enforced in all respects as a judgment. Costs incurred incident to any motion authorized by this chapter, including a reasonable attorney's fee, unless precluded by the arbitration agreement, may be awarded by the court.
Utah Code Ann. § 78-31a-16 (2002) (repealed 2003).
[4] Utah Code section 78-31a-126 states:

(1) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment conforming to the award. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
(2) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
(3) On application of a prevailing party to a contested judicial proceeding under Section 78-31a-123, 78-31a-124, or 78-31a-125, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.
Utah Code Ann. § 78-31a-126 (2003).
[5] Besides this fact, Buzas has little in common with this case. Buzas addressed the question of whether the attorney fee provisions of the Federal Arbitration Act, 9 U.S.C §§ 1-307 (1999), which do not allow attorney fee awards, preempted the Utah Arbitration Act, which does permit attorney fee awards. We reversed the trial court, holding that the Utah Arbitration Act is not preempted by federal law, and remanded to the trial court to reconsider whether the parties were entitled to attorney fees under Utah law. Buzas, 925 P.2d at 952-54.